# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM SCOTT MITCHELL, | ) | Civil Action No. 7:12-cv-00226 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWVRJ AUTHORITY, <u>et al.</u>, | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

Plaintiff filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Southwest Virginia Regional Jail Authority ("Authority") Duffield Facility and Lt. Winebarger. Plaintiff alleges that he receives inadequate medical treatment and has been threatened. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

## I.

Plaintiff alleges the following facts. Plaintiff was in an accident and broke his leg. Doctors installed nails and screws in his leg, but a staph infection started in November 2010.[1] Plaintiff received a medical furlough to get two surgeries to clean the infection from his leg. The infection rotted half of his knee, his leg hurts all the time, and he has seen "every doctor that [ha]s worked" at the Southwest Virginia Regional Jail ("Jail").[2] Plaintiff complains that the "Jail does not want to pay [his] medical bills." Lt. Winebarger "harasses" plaintiff because of

---

[1] Plaintiff does not identify the doctors or their employers.
[2] Plaintiff does not clearly identify who exactly is the non-corporeal defendant: whether it is the Authority, the Jail, or specifically the Duffield facility. Even liberally construing the complaint to allege a cause of action against each possible defendant, the complaint still fails to state a claim upon which relief may be granted.

plaintiff's "previous charges." Plaintiff requests as relief that the Jail pay his medical bills and compensate him for pain and suffering.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the

2

inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  The Jail and the Duffield Facility are not "persons" subject to § 1983.  See Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (reasoning jails are not "persons" for § 1983 purposes).  See also Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).  Plaintiff fails to allege any facts against the Authority to find it liable for a policy, practice, or custom.  See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation.  See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C. 1990) (same).  The Constitution does not "protect against all intrusions on one's peace of mind."  Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).  Verbal harassment and idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest.  See Emmons v. McLaughlin, 874

3

F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life are not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough.  A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim.").  The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).  Accordingly, the complaint fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  June 1, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge